IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SANDRA RAMIREZ**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:13-CV-2035-L** |
| | § | |
| **LONE STAR PEDIATRICS, P.A.**, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant's Motion to Dismiss (Doc. 10), filed August 9, 2013. After considering the motion, response, reply, supplemental authority, pleadings and applicable law, the court **denies** Defendant's Motion to Dismiss (Doc. 10).

**I. Factual and Procedural Background**

On May 31, 2013, Plaintiff Sandra Ramirez ("Ramirez" or "Plaintiff") filed this action against Lone Star Pediatrics, P.A. ("Lone Star" or "Defendant") for alleged violations of the Fair Labor Standards Act of 1983 ("FLSA"). Ramirez seeks compensation for overtime and liquidated damages for Lone Star's allegedly willful failure and refusal to pay her overtime. Ramirez also seeks attorney's fees, fees for experts, court costs, prejudgment interest, and postjudgment interest.

On August 9, 2013, Lone Star moved to dismiss Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(h)(3). The essence of Lone Star's motion is that Ramirez's FLSA claim is moot and the court lacks subject matter jurisdiction because it tendered to Ramirez, shortly after she filed this lawsuit, what it believes is the full amount of compensation for overtime and liquidated damages that she is entitled to under the FLSA. Lone Star asserts that, according to its records, the

**Memorandum Opinion and Order – Page 1**

full amount of overtime to which Ramirez could possibly be entitled is $1,772.38 ($1,553.80 net after withholding for income tax). Lone Star states that it therefore tendered this amount to Ramirez for overtime wages, an equal amount of $1,772.38 for liquidated damages, plus an unspecified "extra sum to ensure the tender covers the maximum amount to which Plaintiff could be entitled under the FLSA as payment in full." Def.'s Mot. 2. In support of its motion, Lone Star submitted copies of four checks dated June 26, 2013, and July 24, 2013, that it contends were tendered to Ramirez. The checks are for the following amounts: $1,255.72, $982.74, $628.10, $571.06, and total $3,437.62. The checks for $982.74 and $571.06 total $1,553.80 — the net amount remaining after withholding for income tax. It not entirely clear whether Ramirez accepted the tendered checks and, if so, on what terms.

In response to Lone Star's motion to dismiss, Ramirez argues that Lone Star's motion to dismiss fails because Lone Star has not established that the amount it paid her constitutes the full amount to which she is entitled for overtime and liquidated damages. In this regard, Ramirez contends that Lone Star's motion and evidence provide "no detail of the records upon which the amounts are based, does not disclose the calculations by which they were determined, or identify by whom this work might have been done," and "[n]othing identifies the 'extra sum' supposedly included." Pl.'s Resp. 2-3. Ramirez therefore contends that "there is no basis upon which to conclude that the maximum amount of overtime pay is $1,772.38 or that tender of that amount and liquidated damages has been made to [her]." *Id.* at 4.

In addition, Ramirez asserts that, *even assuming* that Lone Star has tendered the maximum amounts owed for overtime and liquidated damages, its tender does not moot her FLSA claim because it does not provide her with all of the relief she requested in her Complaint and is entitled

**Memorandum Opinion and Order – Page 2**

to under the FLSA. Specifically, Ramirez contends that the tender did not include "reasonable and necessary attorneys' and expert fees and costs" and "pre- and post-judgment interest at the highest rates allowed" as requested in her Complaint and allowed by the statute. Based on cases from other jurisdictions, Ramirez also asserts that the tender was defective because it was not in the form of an offer of judgment and did not address costs as required for an offer of judgment under Rule 68 of the Federal Rules of Civil Procedure. Additionally, according to Ramirez, in most FLSA cases involving the issue of mootness, a defendant's tender includes attorney's fees and costs.

Lone Star replies that the cases cited by Ramirez are distinguishable and not binding on this court. Lone Star contends that the sole issue remaining in this case is whether Plaintiff is entitled to attorney's fees because Ramirez does not maintain that she is entitled to additional damages in the form of overtime or liquidated damages. Lone Star contends that, contrary to Ramirez's assertion, she is not automatically entitled to attorney's fees under the FLSA. Based on the language of the statute and Eleventh Circuit authority, Lone Star argues that Ramirez is only entitled to recover attorney's fees under section 216 of the statute if a judgment is entered in her favor. Def.'s Reply 3 (quoting 29 U.S.C. §216(b)) (emphasis added by Defendant). Lone Star further asserts that no judgment can or will be entered in her favor because it has not made an offer of judgment that would require the inclusion of attorney's fees and, according to Lone Star, there no longer exists a basis for entry of a judgment on the merits of Ramirez's claim because it has paid her claim for overtime and liquidated damages. Lone Star therefore contends that Ramirez's claim is moot and should be dismissed. Lone Star also takes issue with Ramirez's contention that it would unfair under the circumstances to deny her attorney's fees:

> What additional amount of fees or costs should Plaintiff be awarded for filing a form petition that has been used word for word in at least two other cases Plaintiff's

**Memorandum Opinion and Order – Page 3**

>   counsel has brought against clients of the firm representing Lone Star? Why should Plaintiff's counsel be rewarded for filing litigation solely for the purpose of generating fees when a demand would have avoided wasting the Court's resources? Denying Lone Star's motion would reward this type of behavior.

*Id*. at 5.

## II. Challenge to Jurisdiction Based on Mootness

Lone Star moves for dismissal pursuant to Federal Rule of Civil Procedure 12(h)(3). Rule 12(h)(3) requires that an action be dismissed if the court determines that it lacks subject matter jurisdiction. The doctrine of mootness is embedded in Article III's case or controversy requirement and requires that an actual, ongoing controversy exist at all stages of federal court proceedings. *See Burke v. Barnes*, 479 U.S. 361, 363 (1987). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome" of the litigation. *Powell v. McCormack*, 395 U.S. 486, 496 (1969). Thus, if events after a case is filed resolve the parties' dispute, the case must be dismissed as moot because federal courts do not have the constitutional authority to decide moot cases. *Carr v. Saucier*, 582 F.2d 14, 15 (5th Cir. 1978). Mootness may be raised "by any party at any time" because, if the controversy is moot, federal courts lack subject matter jurisdiction. *Id.* In determining whether subject matter jurisdiction exists, "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001) (citation omitted). Thus, unlike a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court may consider disputed facts as well as undisputed facts in the record and make

**Memorandum Opinion and Order – Page 4**

findings of fact related to the jurisdictional issue. *Clark v. Tarrant Cnty.*, 798 F.2d 736, 741 (5th Cir. 1986).

Challenges to subject matter jurisdiction can either be facial or factual in nature. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1981). If a party relies only its motion, the challenge to subject matter jurisdiction is considered a facial attack, and the court's determination of the motion is based on the sufficiency of the plaintiff's pleadings, which must be accepted as true. *Id.* A factual attack on the court's subject matter jurisdiction, on the other hand, "challenges the facts on which jurisdiction depends and matters outside of the pleadings, such as affidavits and testimony." *Oaxaca v. Roscoe*, 641 F.2d 386, 391 (5th Cir. 1981). When a motion to dismiss for lack of subject matter jurisdiction is supported by evidence, it is considered a factual attack, and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981). The court is therefore "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

In response to a factual attack, the plaintiff, as the party seeking to invoke jurisdiction, has the burden of submitting evidence and proving by a preponderance of the evidence the existence of subject matter jurisdiction. *Paterson*, 644 F.2d at 523. A factual attack may occur at any stage of the proceedings. *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980). Regardless of whether the attack is facial or factual, the party asserting federal jurisdiction "constantly bears the burden of proof that jurisdiction does in fact exist." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) (per curiam).

### III. FLSA Remedies

The FLSA requires employers to compensate employees for overtime worked in excess of 40 hours per week. 29 U.S.C. § 207. An employer who violates the provisions of section of section 207 of the FLSA is liable to the employee or employees in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and liquidated damages. 29 U.S.C. § 216. Employees are entitled to liquidated damages under the FLSA in an amount equal to their awards for minimum wage and overtime payments. *Id.* Section 216(b) of the FLSA addresses attorney's fees: "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." The Fifth Circuit has therefore held that attorney's fee awards are mandatory for prevailing plaintiffs in FLSA cases. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013); *Saizan v. Delta Concrete Prods. Co.*, 448 F.3d 795, 799 n.7 (5th Cir. 2006) (recognizing that "prevailing party" fee-shifting jurisprudence applies in FLSA cases even though the attorney's fee provision of the statute does not specifically mention "prevailing party").

In this circuit, a plaintiff must satisfy three requirements to demonstrate prevailing party status: (1) he must achieve judicially-sanctioned relief; (2) the relief must materially alter the legal relationship between the parties; and (3) the relief must modify the defendant's behavior in a way that directly benefits the plaintiff at the time the relief is entered. *Petteway v. Henry*, 738 F.3d 132, 137 (5th Cir. 2013). "No material alteration of the legal relationship between the parties occurs until [one of the parties] becomes entitled to enforce a judgment, consent decree, or settlement against the [other]." *Farrar v. Hobby*, 506 U.S. 103, 113 (1992); *Buckhannon Bd. and Care Home, Inc. v. West Va. Dept. of Health and Human Res.*, 532 U.S. 598, 600 (2001) (holding that the term "prevailing

party" does not include a party "that has failed to secure a judgment on the merits or a court-ordered consent decree, but has nonetheless achieved the desired result because the lawsuit brought about a voluntary change in the defendant's conduct.").

## IV.   Discussion

As previously noted, Lone Star maintains that Ramirez's FLSA claim was mooted by its tender of a specified sum of money, which it contends satisfied her entitlement to overtime and liquidated damages under the statute and included an extra sum of money. Lone Star also submitted evidence in the form of checks made out to Ramirez. Because Lone Star's motion is supported by evidence, its attack is factual, and Ramirez cannot rely on her pleadings; rather, she was required to prove by a preponderance of the evidence the existence of subject matter jurisdiction by showing that her FLSA claim is not moot as a result of Lone Star's tender. In other words, Ramirez was required to come forward with evidence to rebut Lone Star's contention that its tender of $3,437.62 is insufficient to afford her full relief.

Although Ramirez disputes whether Lone Star's tender of $3,437.62 is sufficient to afford her full relief, she provides no evidence to support the contention. For example, she provides no evidence that she would be entitled to additional compensation for overtime or liquidated damages, and she does not assert that she is entitled to an additional amount for overtime and liquidated damages. Ramirez's response instead focuses on attorney's fees, costs, and interest. Ramirez, however, has not submitted any evidence of attorney's fees and costs incurred up to the date of Lone Star's tender.

Ramirez instead attacks the sufficiency of Lone Star's evidence and contends that the issues raised would be more appropriately addressed in the context of a summary judgment motion.

**Memorandum Opinion and Order – Page 7**

Ramirez contends that Lone Star fails to explain how damages were calculated to arrive at the sums tendered. This argument, however, is without merit, because Ramirez as the claimant should be in a good or better position to know what damages she has suffered and is seeking in this lawsuit. Without any rebuttal evidence, the court is left with only the conclusory assertion by Ramirez that the amount offered by Lone Star is insufficient. The court therefore treats the evidence submitted by Lone Star as unrebutted in determining whether Lone Star's tender provided Ramirez with complete relief, thereby mooting her FLSA claim.

As a preliminary matter, the court notes that Ramirez is not entitled to prejudgment interest for her claim arising under section 216(b) of the FLSA. *See Cox v. Brookshire Grocery Co.*, 919 F.2d 354, 357 (5th Cir. 1990) (stating "pre-judgment interest is not available for [section] 216 claims"). Although Lone Star's tender also did not include any amount for postjudgment interest, postjudgment interest would not begin to accrue until after judgment is entered. This therefore leaves Ramirez's contention regarding damages, attorney's fees, and costs.

In the context of FLSA cases, "the effect that a defendant's offer of judgment has on the viability of plaintiff's claim, and the overall lawsuit, is a question left to caselaw within the individual circuits." *Ritz v. Mike Rory Corp.*, 959 F. Supp. 2d 276 (E.D.N.Y. 2013) (discussing *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523 (2013)). In this circuit, an offer of judgment under Federal Rule of Civil Procedure 68, even if rejected, can moot a plaintiff's FLSA if the offer of settlement provides the plaintiff with the full relief she sought had she prevailed on the merits. *See Sandoz v. Cingular Wireless, LLC*, 553 F.3d 913, 915 (5th Cir. 2008) (noting that whether the named plaintiff's FLSA claim in a collective action is moot depends on whether other plaintiffs have opted in and the timing of the named plaintiff's motion for class certification); *Rollins v. Sys.*

*Integration, Inc.*, No. 4:05-CV-408, 2006 WL 3486781, at *1, 4 (N.D. Tex. Dec. 4, 2006) (concluding that FLSA plaintiff's claims were mooted by the defendant employer's Rule 68 offer of judgment that included unpaid overtime wages as liquidated damages and an amount for attorney's fees and costs incurred up to the time the offer was tendered; although rejected, the offer provided the plaintiff with "the full relief he sought had he prevailed on the merits" and the plaintiff presented no evidence to establish that the offer made was insufficient.").

Here, although Ramirez did not come forward with evidence in response to Lone Star's motion to dismiss regarding her damages, attorney's fees, or costs, and it is unclear whether Ramirez accepted the amount tendered by Lone Star, the court concludes that dismissal on mootness grounds is premature. It is undisputed that Ramirez requested attorney's fees and costs, and although Lone Star's tender included approximately $100 in additional money above the amount believed to cover Ramirez's damages, the offer did not include an amount for attorney's fees or costs. Thus, regardless of the form of Lone Star's tender, whether in the form of an offer of judgment or otherwise, it did not provide Ramirez with the full relief she sought had he prevailed on the merits. Accordingly, under the law of this circuit, Lone Star's tender did not moot Ramirez's FLSA claim, and to the extent a different result would have been reached under another circuit's precedent is of no moment. The court will therefore deny Lone Star's motion for dismissal for lack of subject matter jurisdiction, pursuant to Rule 12(h)(3), on mootness grounds.

### V.     Conclusion

For the reasons explained, the court concludes that Plaintiff's FLSA claim was not mooted by Defendant's tender, and this court therefore has subject matter jurisdiction over Plaintiff's claim and this action. Accordingly, the court **denies** Defendant's Motion to Dismiss (Doc. 10).

**Memorandum Opinion and Order – Page 9**

Further, as it appears from the parties' Joint Report Regarding Settlement Status that the only *real* remaining issue in this case is the issue of *reasonable* attorney's fees and costs, the court strongly urges the parties to pursue settlement of the action without further court intervention. It is nonsensical for the parties to not reach a resolution of this matter. The court notes that Defendant's tender of approximately $100 in additional money above the amount tendered for damages is not reasonable, as it would not even cover Plaintiff's filing fee for this lawsuit. Plaintiff's demand for $3,800 in attorney's fees for filing a three-page form Complaint and conducting only a minimal investigation is likewise unrealistic. *See* Joint Report Regarding Settlement Status 2 (Doc. 15). The court therefore encourages the parties' to reach a sensible middle ground to resolve this issue as quickly as possible. The parties are to inform the court in writing by **April 21, 2014**, whether this case has been resolved.

**It is so ordered** this 31st day of March, 2014.

_____
Sam A. Lindsay
United States District Judge